Case 1:08-cv-00291  Document 1  Filed 01/13/2008  Page 1 of 8

**FILED**
**JANUARY 13, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 291**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE COLE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS SIMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| CHICAGO POLICE OFFICERS DICARLO, Star #17647, PACE, Star #15062 the CITY OF CHICAGO, and UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, Demetrious Sims, through his attorneys, A Law Office of Christopher R. Smith, and complaining of the defendants CITY OF CHICAGO, ("Defendant City"), CHICAGO POLICE OFFICERS DICARLO, Star #17647, PACE, Star #15062 and UNKNOWN CHICAGO POLICE OFFICERS ("Defendant Officers") as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for misconduct committed by Defendant Officers under color of law, which deprived Plaintiff of rights secured by the Constitution of the United States and the laws of the State of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,

1

42 U.S.C., Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., Section 1367(a).

## PARTIES

3.  Plaintiff is a permanent resident of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4.  Defendants, Dicarlo, Star # 17647, Pace, #15062, and Unknown Chicago Police Officers were, at the time of this occurrence, employed by Defendant City as Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5.  Defendant City of Chicago, is a municipal corporation duly incorporated under the laws of the State of Illinois and at all relevant times is or was the employer and principal of Defendant Officers.

## FACTS

6.  At or around midnight on January 21, 2007, Demetrious Sims was driving southbound on Ashland avenue.

7.  One police car slammed into the back of Mr. Sims' car, causing him to slam into the back of another police car.

8.  A defendant officer broke the driver-side window of Mr. Sims' car with an unknown object.

9.  Defendants attempted to pull Mr. Sims' out through the broken window.

10. Because Mr. Sims was still wearing his seatbelt, defendants opened the car

door.

11. Defendants pulled Mr. Sims out of the car and began punching Mr. Sims in the face.

12. When Mr. Sims crumpled to the ground, defendants began kicking him in the face and elsewhere.

13. Defendants rubbed Mr. Sims' face in broken glass.

14. Mr. Sims was handcuffed and placed under arrest.

15. Acting in concert and in conspiracy with one another, defendant officers conspired and agreed amongst themselves to fill out and file false and incomplete police reports, omitting any mention of their brutality.

16. As a direct and proximate result of the malicious actions of the coconspirators, plaintiff was injured, including back injuries, bodily injuries, and facial injuries. Plaintiff experience severe headaches after defendants beat him. Plaintiff suffers nightmares about the incident, experienced extreme emotional distress, and sometimes the side of his face where defendants kicked plaintiff goes numb.

### Count I: §1983  Excessive Force Claim

1-16. Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

17. The misconduct of Defendant Officers, as more fully described above constitutes unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

18. As a proximate result of the above-detailed misconduct, Plaintiff suffered severe physical damages, pain and suffering, damage to his reputation, humiliation,

extreme emotional distress and financial losses including medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II: §1983 Conspiracy Claim

1-16. Plaintiff re-alleges paragraphs 1-16 above as if fully set forth here.

17. Defendant Officers conspired and agreed amongst themselves to violate Plaintiff's constitutional rights through the use of excessive force, or by failing to intervene to prevent the use of excessive force by their fellow officers, when they had the opportunity to do so.

18. In furtherance of this conspiracy, Defendant Officers conspired to hide the evidence of their misconduct by filling out false and incomplete police reports and by failing to give accurate accounts of the incident to the State's Attorney's Office or the Office of Professional Standards.

19. As a direct and proximate result of this conspiracy, Plaintiff suffered serious physical and emotional damages.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count III: Failure to Intervene

### 42 U.S.C. Section 1983 – Failure to Intervene

1-16.   Plaintiffs reallege paragraphs 1 through 16 above, as if fully set forth here.

17.   In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Officer Defendants stood by without intervening to prevent the misconduct described in this Complaint.

18.   As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiffs' constitutional rights, plaintiffs suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

19.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against Defendant Officers, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and punitive damages against Defendant Officers in an amount in excess of $500,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count IV:  745 ILCS 10/9-102

1-16.   Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

17.   Defendant City is, or was at all relevant times, the employer and principal of Defendant Officers.

18.   Illinois law dictates that Defendant City shall be held liable for the willful and wanton misconduct of its police officers where those officers were acting within the

scope of their employment.

19.　Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demand that, pursuant to 745 ILCS 10/9-102, Defendant City be found liable for any judgment Plaintiff obtains against any Officer Defendants, as well as attorneys fees and costs awarded.

### Count V: Battery, State Claim Against City and Officers

1-16.　Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

17.　By the actions detailed above, Defendants intentionally made offensive bodily contact with Plaintiff and inflicted bodily harm upon him.

18.　As a direct and proximate result, Plaintiff was seriously injured, including blunt trauma injuries to his arms, wrist, and body, and a broken ankle.

19.　Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers committed the misconduct complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $500,000.00 and further demands attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VI: Intentional Infliction of Emotional Distress, State Claim Against City and Officers

1-16.　Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

6

17. The above-detailed conduct by Defendant Officers, especially the repeated striking of Plaintiff's ankle with a club with such force that his bones were broken, constituted extreme and outrageous conduct.

18. Defendant Officers committed the misconduct more fully described above with the intent of inflicting severe emotional distress upon Plaintiff or with knowledge of the high probability that the conduct would cause such distress.

19. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered severe emotional distress resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

20 . Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers committed the misconduct complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of $500,000.00, and further demands attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

DEMETRIUS SIMS.

/s James M. Baranyk
By: One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
James M. Baranyk
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400