UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 6291 |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | JUDGE GOTTSCHALL |
| DICARLO, Star No. 17647, PACE, | ) | |
| Star No. 15062, the CITY OF | ) | MAGISTRATE JUDGE COLE |
| CHICAGO, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 6291 |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | JUDGE GOTTSCHALL |
| DICARLO, Star No. 17647, PACE, | ) | |
| Star No. 15062, the CITY OF | ) | MAGISTRATE JUDGE COLE |
| CHICAGO, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DICARLO'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Dicarlo, by and through one of his attorneys, Shneur Z. Nathan, hereby submit the foregoing answer to Plaintiff's First Amended Complaint:

## INTRODUCTION

1.      This is a civil action seeking damages against Defendants for misconduct committed by Defendant Officers under color of law, which deprived Plaintiff of rights secured by the Constitution of the United States and the laws of the State of Illinois

ANSWER:    **Defendant Dicarlo admits that Plaintiff purports to bring a civil rights action pursuant to the United States Constitution and the laws of Illinois, but deny any wrongful conduct.**

## JURISDICTION

2.      The jurisdiction of this Court ins invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., Section 1367 (a).

ANSWER:    **Defendant Dicarlo admits that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

3. Plaintiff is a permanent resident of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER:** **Defendant Dicarlo lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

4. Defendants, Dicarlo, Star # 17647, Pace, #15062, and Unknown Chicago Police Officers were, at all times of this occurrence, employed by Defendant City as Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:** **Individual Defendants denies any wrongdoing, but admits the remaining allegations set forth in the above paragraph.**

5. Defendant City of Chicago, is a municipal corporation duly incorporated under the laws of the State of Illinois and at all relevant times is or was the employer and principal of Defendant Officers.

**ANSWER:** **Defendant Dicarlo admits the allegations set forth in the above paragraph.**

## FACTS

6. At or around midnight on January 21, 2007, Demetrious Sims was driving southbound on Ashland avenue.

**ANSWER:** **Defendant Dicarlo denies Plaintiff was driving southbound at the time described above, but admits the remaining allegations set forth in the above paragraph.**

7. One police car slammed into the back of Mr. Sims' car, causing him to slam into the back of another police car.

**ANSWER:** **Defendant Dicarlo admits Plaintiff slammed into his police car, but denies the remaining allegations set forth in the above paragraph.**

8. A defendant officer broke the driver-side window of Mr. Sims' car with an unknown object.

**ANSWER:** **Defendant Dicarlo denies the allegations set forth in the above**

paragraph. Upon information and belief, an unknown police officer broke the driver-side window of Plaintiff's car.

9. Defendants attempted to pull Mr. Sims' out through the broken window.

    **ANSWER:** **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

10. Because Mr. Sims was still wearing his seatbelt, defendants opened the car door.
    **ANSWER:** **Defendant Dicarlo admits he opened Plaintiff's car door, but denies the remaining allegations set forth in the above paragraph.**

11. Defendants pulled Mr. Sims out of the car and began punching Mr. Sims in the face.

    **ANSWER:** **Defendant Dicarlo admits he assisted Plaintiff get out his car, but denies the remaining allegations set forth in the above paragraph.**

12. When Mr. Sims crumpled to the ground, defendants began kicking him in the face and elsewhere.

    **ANSWER:** **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

13. Defendants rubbed Mr. Sims' face in broken glass.

    **ANSWER:** **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

14. Mr. Sims was handcuffed and placed under arrest.

    **ANSWER:** **Defendant Dicarlo admits the allegations set forth in the above paragraph.**

15. Acting in concert and conspiracy with one another, defendant officers conspired and agreed amongst themselves to fill out and file false and incomplete police reports, omitting any mention of their brutality.

    **ANSWER:** **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

16.     As a direct and proximate result of the malicious actions of the coconspirators, plaintiff was injured, including back injuries, bodily injuries, and facial injuries. Plaintiff experience severe headaches after defendants beat him. Plaintiff suffers nightmares about the incident, experienced extreme emotional distress, and sometimes the side of his face where defendants kicked plaintiff goes numb.

**ANSWER:     Defendant Dicarlo denies the allegations set forth in the above paragraph.**

## Count I: §1983 Excessive Force Claim

1-16.     Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

**ANSWER:    Defendant Dicarlo reasserts his answers contained in all preceding paragraphs and incorporates those answers herein, as though fully stated.**

17.     The misconduct of Defendant Officers, as more fully described above constitutes unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

**ANSWER:    Defendant Dicarlo denies the allegations set forth in the above paragraph.**

18.     As a proximate result of the above-detailed misconduct, Plaintiff suffered severe physical damages, pain and suffering, damage to his reputation, humiliation, extreme emotional distress and financial losses including medical expenses.

**ANSWER:    Defendant Dicarlo denies the allegations set forth in the above paragraph.**

## Count II: §1983 Conspiracy Claim

1-16.     Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

**ANSWER:    Defendant Dicarlo reasserts his answers contained in all preceding paragraphs and incorporates those answers herein, as though fully stated.**

19.     Defendant Officers conspired and agreed amongst themselves to violate Plaintiff's constitutional rights through the use of excessive force, or by failing to intervene to prevent the use of excessive force by their fellow officers, when they had the opportunity to do so.

**ANSWER:    Defendant Dicarlo denies the allegations set forth in the above**

paragraph.

20.	In furtherance of this conspiracy, Defendant Officers conspired to hide the evidence of their misconduct by filling out false and incomplete police reports and by failing to give accurate accounts of the incident to the State's Attorney's Office or the Office of Professional Standards.

**ANSWER:	Defendant Dicarlo denies the allegations set forth in the above paragraph.**

21.	As a direct and proximate result of this conspiracy, Plaintiff suffered serious physical and emotional damages.

**ANSWER:	Defendant Dicarlo denies the allegations set forth in the above paragraph.**

## Count III: Failure to Intervene

1-16.	Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

**ANSWER:	Defendant Dicarlo reasserts his answers contained in all preceding paragraphs and incorporates those answers herein, as though fully stated.**

22.	In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Officer Defendants stood by without intervening to prevent the misconduct described in this Complaint.

**ANSWER:	Defendant Dicarlo denies the allegations set forth in the above paragraph.**

23.	As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiffs' constitutional rights, plaintiffs suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

**ANSWER:	Defendant Dicarlo denies the allegations set forth in the above paragraph.**

24.	The misconduct described in this complaint was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

**ANSWER:	Defendant Dicarlo denies the allegations set forth in the above paragraph.**

## Count IV: 745 ILCS 10/9-102

1-16.  Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

**ANSWER:  Defendant Dicarlo reasserts his answers contained in all preceding paragraphs and incorporates those answers herein, as though fully stated.**

25.  Defendant City is, or was at all relevant times, the employer and principal of Defendant Officers.

**ANSWER:  Defendant Dicarlo makes no answer to this paragraph because it is not directed at him.**

26.  Illinois law dictates that Defendant City shall be held liable for the willful and wanton misconduct of its police officers where those officers were acting within the scope of their employment.

**ANSWER:  Defendant Dicarlo makes no answer to this paragraph because it is not directed at him.**

27.  Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:  Defendant Dicarlo makes no answer to this paragraph because it is not directed at him.**

## Count V: Battery, State Claim Against City and Officers

1-16.  Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

**ANSWER:  Defendant Dicarlo reasserts his answers contained in all preceding paragraphs and incorporates those answers herein, as though fully stated.**

28.  By the actions detailed above, Defendants intentionally made offensive bodily contact with Plaintiff and inflicted bodily harm upon him.

**ANSWER:  Defendant Dicarlo admits he made contact with Plaintiff, but denies the remaining allegations set forth in the above paragraph.**

29.  As a direct and proximate result, Plaintiff was seriously injured, including blunt

trauma injuries to his arms, wrist, and body, and a broken ankle.

>ANSWER:    **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

30. Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers committed the misconduct complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

>ANSWER:    **Defendant Dicarlo makes no answer to this paragraph because it is not directed at him.**

### Count VI: Intentional Infliction of Emotional Distress, State Claim Against City and Officers

1-16. Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth here.

>ANSWER:    **Defendant Dicarlo reasserts his answers contained in all preceding paragraphs and incorporates those answers herein, as though fully stated.**

31. The above-detailed conduct by Defendant Officers, especially the repeated striking of Plaintiff's ankle with a club with such force that his bones were broken, constituted extreme and outrageous conduct.

>ANSWER:    **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

32. Defendant Officers committed the misconduct more fully described above with the intent of inflicting severe emotional distress upon Plaintiff or with the knowledge of the high probability that the conduct would cause such distress.

>ANSWER:    **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

33. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered severe emotional distress resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

>ANSWER:    **Defendant Dicarlo denies the allegations set forth in the above paragraph.**

34. Defendant City is sued in this Count pursuant to the doctrine of respondeat

superior, in that Defendant Officers committed the misconduct complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

**ANSWER:** **Defendant Dicarlo makes no answer to this paragraph because it is not directed at him.**

**WHEREFORE, Defendant Dicarlo prays that this Court enter judgment in his favor on Plaintiff's First Amended Complaint, award him such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

## AFFIRMATIVE DEFENSES

1. Defendant Dicarlo is entitled to qualified immunity. Defendant Dicarlo is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Dicarlo could have believed his actions to be lawful, in light of clearly established law and the information the Defendant Dicarlo possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2. As to all state law counts, under the Illinois Tort Immunity Act, Defendant Dicarlo is not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

3. Under the Illinois Tort Immunity Act, Defendant Dicarlo is not liable for any of the claims alleged because the decision to arrest and respond with reasonable force against Plaintiff's unlawful resisting of arrest, based upon the information and circumstances known to Defendant Dicarlo at the time, was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (2002).

4.　　Under the Illinois Tort Immunity Act, Defendant Dicarlo is not liable for any of the claims alleged because he was and is a public employee acting within the scope of his employment, and as such, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

5.　　As to Plaintiff's state law claims, the Defendant Dicarlo is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

6.　　At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when he is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

7.　　To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

**Individual Defendants demand trial by jury.**

Respectfully submitted,

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
Atty. No. 6294495